UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PATRICK FARMAR,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
      _____/

Criminal Case No. 12-20084
Civil Case No. 14-11045

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING IN PART MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [50]; DENYING MOVANT'S MOTION FOR RELIEF DUE TO GOVERNMENT DEFAULT [69]; AND APPOINTING FEDERAL DEFENDER TO REPRESENT MOVANT AT EVIDENTIARY HEARING ON REMAINING CLAIM FOR RELIEF**

On September 11, 2012, Movant pled guilty, pursuant to a Rule 11 Plea Agreement [Dkt. #27], to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2). Judgment [36, 37] was entered on March 19, 2013. Movant appealed the judgment pro se on April 25, 2013. The Sixth Circuit dismissed the appeal as untimely on October 31, 2013. On March 10, 2014, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [50]. Movant filed a Motion for Relief Due to Government Default [69] on April 28, 2015. On April 29, 2015, the government filed a Response [70] to Movant's motion to vacate. Movant filed a

Reply [71] on May 7, 2015, and a Supplemental Declaration [72] on May 12, 2015.

For the reasons stated below, Movant's Motion to Vacate, Set Aside, or Correct Sentence [50] is **DENIED IN PART**. The motion is denied, and Movant is denied a certificate of appealability, with respect to all arguments except Movant's argument that his counsel was ineffective for failing to file a timely appeal upon Movant's explicit request. The Federal Defender is **APPOINTED** to represent Movant at an evidentiary hearing on this remaining claim for relief. Finally, Movant's Motion for Relief Due to Government Default [69] is **DENIED**.

## FACTUAL BACKGROUND

On February 3, 2012, the government filed an Information [10] charging Movant with possessing and distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B). On September 11, 2012, Movant executed a Guilty Plea Questionnaire [26] and a Plea Agreement [27], both of which stated that the conviction carried a minimum sentence of five years of imprisonment. The same day, Movant appeared for a plea hearing before the Honorable Julian A. Cook.[1] During the plea hearing, the government's counsel confirmed the five-year mandatory minimum and twenty-year maximum sentence. Judge Cook asked

---

[1] This case was reassigned from Judge Cook to the Honorable Mark A. Goldsmith on October 3, 2014. On October 6, 2014, it was reassigned from Judge Goldsmith to this Court.

Movant if he had heard government counsel's comment about his sentencing exposure. Movant confirmed that he did. Judge Cook asked if the comment changed his mind about pleading guilty. Movant said that it did not.

On January 30, 2013, the Court directed the parties by text-only order to file sentencing memorandums no later than February 1, 2013. The government filed a sentencing memorandum under seal on February 1, 2013. The government attached a letter from Movant's daughter accusing him of sexual abuse beginning when she was ten years old. The same day, the Court adjourned Movant's sentencing hearing to March 4, 2013. On February 28, 2013, the Court adjourned Movant's sentencing hearing to March 18, 2013. On March 15, 2013, Movant's counsel submitted a sentencing memorandum on his behalf. At the March 18 sentencing hearing, Judge Cook stated that he did not, and would not, read or consider Movant's untimely sentencing memorandum. Judge Cook further stated that he did not, and would not, read the letter from Movant's daughter submitted by the government. After discussion with counsel concerning the letter, Judge Cook decided not to hold an evidentiary hearing on the abuse allegations, but ordered government counsel that he was precluded from "creeping" the allegations into his argument. Judge Cook proceeded to sentence Movant to ten years of imprisonment.

ANALYSIS

I. Motion to Vacate, Set Aside, or Correct Sentence [50]

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Movant alleges a violation of his constitutional right to the effective assistance of counsel, an "error of constitutional magnitude." *See id.* To establish ineffective assistance of counsel, Movant must show that his counsel rendered deficient performance and thereby prejudiced Movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Movant identifies several alleged deficiencies in his counsel's performance. As discussed further below, most do not meet the *Strickland* standard. However, as the government concedes, an evidentiary hearing is necessary to determine whether Movant's counsel failed to appeal the judgment when explicitly asked to do so. If so, Movant is entitled to relief. *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012) ("[E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly

requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."). The Court will appoint the Federal Defender to represent Movant at the evidentiary hearing, as recommended by the government. Indeed, "[i]f an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rules Governing § 2255 Proceedings, Rule 8(c), 28 U.S.C.A. foll. § 2255 (emphasis added). As required, the Court will "conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." *Id.*

Movant's other arguments are rejected for the reasons stated below.

### A.   **Misrepresentation of sentencing exposure**

Movant argues that his counsel rendered ineffective assistance, resulting in an involuntary plea, by promising him that he would be sentenced to no more than six months of imprisonment. If his counsel misrepresented Movant's sentencing exposure as alleged, her performance certainly was deficient. However, an evidentiary hearing on the allegation is unnecessary; even if the allegation is true, Movant cannot show prejudice because he acknowledged his true sentencing exposure and the voluntariness of his plea during his plea colloquy (and in his written plea agreement and questionnaire). *Burch v. O'Brien*, No. 2:11–CV–10427, 2013 WL 2295673, at *5 (E.D. Mich. May 24, 2013) (unpublished) ("A

trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea.") (citing *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004)); *see also id.* at *4 ("There is no evidence that [the petitioner] suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea.").

### B.   Failure to prevent reliance on allegations of sexual abuse

Movant faults his counsel for failing to prevent the Court from allegedly relying, in imposing his sentence, on allegations that he sexually abused his daughter. He focuses on his counsel's failure to challenge the allegations in a timely sentencing memorandum. He also argued, initially, that his counsel should have filed objections to the Presentence Report. However, he wisely abandoned this argument in his Reply, after the government noted that the abuse allegations were not included in the Presentence Report.

The Court finds that Movant's counsel rendered deficient performance in responding to the abuse allegations. She did not file a sentencing memorandum challenging the allegations within the Court's deadline; nor did she request an extension of the deadline. Further, the manner in which she discussed the allegations at the sentencing hearing was potentially prejudicial to Movant. For instance, while attempting to explain her failure to meet the sentencing

memorandum deadline, she stated that she "could barely even think" after reading the allegations and that she had been hesitant to meet with Movant because, if the allegations are true, he is a "monster." She added that she had shared the allegations with other attorneys in her office, who were also "astounded." Indeed, Judge Cook eventually admonished Movant's counsel for her continuing references to and descriptions of the letter.

However, the Court cannot find that these deficiencies prejudiced Movant. To find prejudice, the Court would need to assume that Judge Cook read the letter and relied on the sexual abuse allegations despite explicitly stating otherwise *and* that Judge Cook would not have done so if Movant's counsel had raised her objections in a more timely manner. The Court is not prepared to assume that Judge Cook lied on the record. Further, there is little reason to believe that a more timely memorandum would have influenced Judge Cook to impose a different sentence. Movant's counsel repeatedly challenged the reliability of the abuse allegations at the sentencing hearing. Movant has not even identified ways in which her oral arguments were weaker than her written ones, let alone argued that these weaknesses changed the outcome.

Movant seems to believe that his sentence was too high for his conviction, and that the sentence must therefore represent punishment not only for his conviction, but also for the alleged abuse. However, Movant's sentence of 120

months of imprisonment was far lower than the bottom of the Sentencing Guidelines range of 210 to 240 months. It was also four years lower than the sentence recommended by the government. Movant clearly would have preferred the minimum sentence required by statute, but the fact that he did not receive his preferred sentence does not raise an inference of reliance on the abuse allegations. Even if it did, he has not shown that this counsel's deficient performance caused such reliance.

## II.     Motion for Relief Due to Government Default [69]

Movant's Motion for Relief Due to Government Default [69] asks the Court to vacate Movant's convictions via an order of default judgment, summary judgment, or judgment on the pleadings. Movant argues that he is entitled to such relief because the Court ordered the government to submit a response to his § 2255 motion by April 17, 2015, and the government failed to do so. Movant cites no authority, and the Court is aware of none, empowering the Court to vacate convictions solely because the government failed to abide by a deadline imposed by the Court. The motion is therefore denied.

### CONCLUSION

The Court must hold an evidentiary hearing to resolve Movant's argument that his counsel was ineffective for failing to file a timely appeal upon Movant's explicit request. However, Movant's other arguments fail to make a substantial

showing of the denial of a constitutional right. Thus, the Court will deny the Movant's motion to vacate, and deny Movant a certificate of appealability, to the extent the motion is based on these arguments. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [50] is **DENIED IN PART**. The motion is denied, and Movant is denied a certificate of appealability, with respect to all arguments except Movant's argument that his counsel was ineffective for failing to file a timely appeal upon Movant's explicit request.

**IT IS FURTHER ORDERED** that the Federal Defender is **APPOINTED** to represent Movant at an evidentiary hearing on his remaining claim for relief.

**IT IS FURTHER ORDERED** that Movant's Motion for Relief Due to Government Default [69] is **DENIED**.

**SO ORDERED**.

Dated: March 15, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge